1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JANE WALDROP, et al.,

                    Plaintiff(s),

    v.

GREEN TREE SERVICING, LLC,

                    Defendant(s).

Case No. 2:14-CV-2091 JCM (GWF)

ORDER

Presently before the court is defendant Green Tree Servicing LLC's motion to dismiss. (Doc. # 7). Plaintiffs Jane Waldrop and William Waldrop filed an opposition (doc. # 12) and defendant filed a reply. (Doc. # 13).

**I. Background**

This case stems from several mortgage loans related to the plaintiffs' residential property located at 3415 Glendale Circle in North Las Vegas. Bank of America, N.A. serviced the initial loan on the subject property. On April 1, 2013, Bank of America, N.A. allegedly transferred servicing rights to defendant Green Tree Servicing LLC. Plaintiffs then refinanced the loan and executed a new promissory note and deed of trust in favor of WJ Bradley, which was allegedly recorded against the property on April 10, 2013. Plaintiffs understood the refinance satisfied and closed the initial loan. The substitution and reconveyance for the initial loan were allegedly recorded on May 15, 2013.

On July 15, 2013, plaintiffs received a letter from defendant stating the payoff for the previous loan was insufficient and that an outstanding balance of $4,446.93 remained. Defendant allegedly called and sent letters to plaintiffs with payment demands from about August of 2013 until February 8, 2014.

**James C. Mahan**
**U.S. District Judge**

During this period, plaintiffs allege they sent a qualified written request ("QWR") to defendant on or about the last week of September 2013 or the first week of October 2013 and received correspondence dated October 30, 2013, in response. The October 30, 2013, correspondence stated that plaintiffs' final payment for February 2013 was returned due to insufficient funds. As such, when defendant received the purported loan payoff amount, plaintiffs still owed the February 2013 payment of $1,218.77. The correspondence stated this amount was required to satisfy and close the initial loan. Plaintiffs assert that they attempted to remit such payment to payoff and close their initial loan, but the payment was returned to plaintiffs.

Plaintiffs sent a second QWR to defendant which defendant allegedly received on December 2, 2013. Defendant acknowledged receipt of the QWR in correspondence dated December 12, 2013, which contained the same language as their October 30, 2013, response. Plaintiffs assert defendant's response failed to provide a "ledger or means of substantiating the alleged debt." Plaintiffs allegedly did not receive a billing statement from defendant until February 8, 2014, which stated payment of $12,591.86 was due, the account was severely delinquent, and immediate action was required.

Finally, on February 27, 2014, plaintiffs received a letter from defendant confirming that the previous loan had been paid in full.

Plaintiffs initiated the instant action on December 10, 2014. The complaint asserts numerous claims and requests damages from defendant. (Doc. #1). Defendant moves to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted. (Doc. # 7).

**II. Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). While rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted).

James C. Mahan
U.S. District Judge

1    "Factual allegations must be enough to rise above the speculative level." *Twombly,* 550

2    U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter

3    to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (citation omitted).

4    In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply

5    when considering motions to dismiss. First, the court must accept as true all well-pled factual

6    allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

7    *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory

8    statements, do not suffice. *Id.*

9    Second, the court must consider whether the factual allegations in the complaint allege a

10   plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

11   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

12   alleged misconduct. *Id.* at 678.

13   Where the complaint does not permit the court to infer more than the mere possibility of

14   misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to

15   relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not

16   crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly,* 550

17   U.S. at 570.

18   The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca,* 652 F.3d 1202,

19   1216 (9th Cir. 2011). The *Starr* court stated,

20   "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim
21   may not simply recite the elements of a cause of action, but must contain sufficient
     allegations of underlying facts to give fair notice and to enable the opposing party to defend
22   itself effectively. Second, the factual allegations that are taken as true must plausibly
     suggest an entitlement to relief, such that it is not unfair to require the opposing party to be
23   subjected to the expense of discovery and continued litigation."

24   *Id.*

     **III. Discussion**
25
     Plaintiffs' complaint asserts five causes of action: (1) violation of the Real Estate
26
     Settlement Practices Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*; (2) violation of the Fair Credit
27
     Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; (3) violation of the Fair Debt Collection
28
     Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (4) violation of Nevada Deceptive Trade

**James C. Mahan**
**U.S. District Judge**                                          - 3 -

1    Practices Act ("NDTPA") pursuant to NRS §§ 41.600, 598.091 *et seq.*; and (5) negligence. (Doc.

2    # 1).

3         Defendant moves to dismiss plaintiffs' complaint in its entirety. The merits of each claim

4    will be addressed in turn.

5         **A.  Real Estate Settlement Practices Act**

6         Defendant first asks the court to dismiss plaintiffs' claims alleging defendant violated

7    RESPA by not timely responding to their qualified written request ("QWR"). (Doc. #1).  In part,

8    RESPA provides that a loan servicer shall respond to any QWR from a borrower within five (5)

9    days of receipt. 12 U.S.C. § 2605(e)(1)(A).[1] Here, plaintiffs assert specific dates which support

10   defendant's alleged QWRs were not timely acknowledged and/or responded to by defendant.

11        To recover under RESPA, a plaintiff must allege sufficient factual matter suggesting that

12   the plaintiff suffered actual damages.  12 U.S.C§ 2605(f)(1)(A); *Hamilton v. Bank of Blue Valley*,

13   746 F. Supp. 2d 1160, 1175 (E.D. Cal. 2010); *Sitanggang v. Countrywide Home Loans, Inc.*, 419

14   Fed. Appx. 756, at 757 (9th Cir. 2011).  Under RESPA, a borrower may not recover actual damages

15   for nonpecuniary losses. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223

16   (E.D. Cal. 2010) (dismissing RESPA claim because Plaintiff failed to plead pecuniary loss as a

17   result of the alleged RESPA violation).

18        Plaintiffs allege defendant's QWR responses were made in "attempt to frighten plaintiffs

19   and persuade them to make a payment." (Doc. #1 at 7). As a result, plaintiffs assert they "suffered

20   severe emotional and physical distress . . ." *Id.* Defendant argues plaintiffs' complaint fails to

21   allege defendant's conduct caused the alleged harm. However, plaintiffs' fail to allege facts

22   regarding any **actual damages** sustained as a result of the alleged violation.

23        Therefore, plaintiffs have failed to plead sufficient factual matter to demonstrate that they

24   suffered actual damages.  Accordingly, defendant's motion to dismiss plaintiffs' RESPA claim is

25   granted.

26

27   ─────────────────

28        [1] The previous version of the statute allowed the loan servicer 20 days to respond. The time limit for response was changed to 5 days, effective January 21, 2013. All correspondence mentioned herein occurred after such effective date.

James C. Mahan
U.S. District Judge

- 4 -

**B.  Fair Credit Reporting Act**

Defendant argues that dismissal of plaintiffs' FCRA claim is appropriate because the FCRA does not apply to a "furnisher" of information, but instead only to credit reporting agencies ("CRAs"). However, the portion of the FCRA cited in plaintiffs' complaint applies specifically to furnishers of information and imposes a duty upon them to provide accurate information to credit reporting agencies. 15 U.S.C. § 1681s-2(a). "As it relates to furnishers of information to consumer reporting agencies, the FCRA sets forth two general requirements: the duty to provide accurate information, 15 U.S.C. § 1681s-2(a), and the duty to investigate the accuracy of reported information upon receiving notice of a dispute, § 1681s-2(b)." *Cisneros v. Trans Union, LLC*, 293 F.Supp.2d 1167, 1174 (D. Ha. 2003).

To state a claim under 15 U.S.C. § 1681s-2(b), plaintiff must allege: (1) plaintiff identified an inaccuracy in his/her credit report; (2) plaintiff notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information; and, (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s-2(b)(1)(A)-(E).  The "pertinent question" in analyzing the adequacy of the furnisher's investigation, is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009).

Here, defendant argues plaintiffs do not allege the date on which they reported the credit dispute to any consumer reporting agency or what defendant wrongfully reported. (Doc. 7 at 6). However, an FCRA claim does not need to be pled with specificity. The exact date need not be included. Plaintiffs do allege they communicated their dispute to Equifax, Experian and TransUnion. (Doc. #1 at 11). Plaintiffs believe these credit reporting agencies subsequently notified defendant of the dispute. *Id.* Plaintiffs not only allege "defendant failed to review all relevant information provided by the credit report agencies and/or conduct a reasonable investigation," but also that "defendant notified the credit reporting agencies the derogatory credit information reported was correct and failed to notify the credit reporting agencies that the account was disputed." *Id.*

James C. Mahan
U.S. District Judge

- 5 -

1  The court finds the defendant is a furnisher of information and is subject to the duties set

2  forth in 15 U.S.C. §1681s-2 *et al.*  Plaintiffs' complaint sufficiently alleges defendant furnished

3  plaintiffs' information to one or more consumer reporting agencies and failed to comply with the

4  requirements of the FCRA. Accordingly, defendant's motion to dismiss plaintiffs' FCRA claim is

5  denied.

6  **C.  Fair Debt Collections Practices Act**

7  Plaintiffs assert that defendant violated the Fair Debt Collection Practices Act. Defendant

8  argues that it is not a "debt collector" as defined by the FDCPA.

9  The FDCPA provides that a debt collector is "any person who uses any instrumentality of

10  interstate commerce in any business, the principal purpose of which is the collection of any debts,

11  or who regularly collects or attempts to collect, directly or indirectly, debts owed or due  or asserted

12  to be *owed or due another*."  15 U.S.C. §1692(a)(6).

13  Plaintiffs assert that defendant acted "as a third party debt collector for the owner of

14  plaintiff's [sic] mortgage loan." (Doc. 1 at 2) Taking the allegations on the face on plaintiffs'

15  complaint as true, the court draws a reasonable inference that defendant falls within the FDCPA's

16  definition of a debt collector because, according to plaintiff, defendant is a "third party" servicer

17  to the "owner" of the mortgage. (*Id.*). If defendant is a third party servicer to some other owner,

18  then it "collects or attempts to collect . . . debts . . . asserted to be owed or due another." 15 U.S.C.

19  §1692(a)(6).

20  In pertinent part, the FDCPA provides a debt collector may not engage in any conduct to

21  harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

22  Plaintiffs allege they received harassing, inaccurate, and inconsistent communications from

23  defendant (Doc. 1 at 6), and that defendant tried to "frighten plaintiffs and persuade them to make

24  a payment…" (Doc. 1 at 7). Taking plaintiffs' factual allegations as true, defendant violated the

25  FDCPA by engaging in the above-mentioned conduct. Thus, the motion to dismiss is denied as to

26  plaintiffs' FDCPA claim.

27  . . .

28  . . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

**D.  Nevada Deceptive Trade Practices Act**

Defendant seeks to dismiss plaintiffs' Nevada Deceptive Trade Practices Act ("NDTPA") claim. An NDTPA claim must be pled with particularity under FRCP Rule 9(b).

Plaintiffs assert a cause of action for deceptive trade practices pursuant to Nevada Revised Statute chapter 598, *et seq.*.  Plaintiffs contend that defendant violated this section by knowingly making false representations in a transaction. Defendant moves to dismiss this claim on the grounds that plaintiffs fail to plead with particularity as required by Rule 9(b).  (Doc. # 7). It is true that when a claim relies upon allegations of fraud, it must meet the enhanced pleading standards of rule 9(b). *See, e.g., Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The court does not reach this question, however, because it has previously dismissed comparable claims because the Deceptive Trade Practices Act does not cover real estate transactions.  *See Fung Ying Leung v. Mortg. Elec. Registration Sys., Inc.*, no. 2:12-cv-1393-JCM-VCF, 2013 WL 237225, at *3 (D. Nev. Jan. 22, 2013). Plaintiffs allege that defendant acted fraudulently with regard to plaintiffs' mortgage. Because conduct related to real estate transactions is not covered by NRS 598, this claim will be dismissed.

**E.  Negligence**

To prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages.  *Klasch v. Walgreen Co.*, 264 P.3d 1155, 1158 (Nev. 2011) (citing *Sanchez v. Wal–Mart Stores*, 221 P.3d 1276, 1280 (Nev. 2009)).

Plaintiffs' complaint alleges that defendant breached its duty to properly and accurately service plaintiffs' loan. Defendant argues no duty of care exists in this transaction. The parties do not dispute that under Nevada law, a lender generally owes no duty of care to a borrower when the lender's involvement in the loan transaction falls within the scope of its conventional role as a mere lender of money. *Weingartner v. Chase Home Fin., LLC,* 702 F. Supp. 2d 1276, 1290 (D. Nev. 2010). Plaintiffs' complaint asserts defendant was "the servicer of Plaintiff's [sic] mortgage loan." (Doc #1 at 2). The court finds that defendant, as the lender's servicer and agent, acted within the conventional role of a lender when attempting to collect the money allegedly owed.

James C. Mahan
U.S. District Judge

1    Accordingly, plaintiffs' claim for negligence will be dismissed with prejudice.

2    **IV. Conclusion**

3    Based on the above analysis, the court will dismiss plaintiffs' negligence, RESPA, and

4    NDTPA claims. Plaintiffs' FRCA claim and FDCPA claim will survive.

5    Accordingly,

6    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to

7    dismiss be, and the same hereby is, GRANTED with respect to plaintiffs' negligence, RESPA, and

8    NDTPA claims and DENIED with respect to plaintiffs' FRCA and FDCPA claims.

9    DATED October 5, 2015.

10

11    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28